**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-41208
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE CAMPOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-416-ALL

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Campos appeals his conviction and 24-month sentence imposed following his jury trial conviction for transporting an undocumented alien for private financial gain. He argues that the evidence was insufficient for a rational trier of fact to find beyond a reasonable doubt that he was knowingly transporting an illegal alien to further his illegal presence in the United States.

A defendant can be convicted of violating 8 U.S.C. § 1324 if the Government establishes that (1) an alien entered or remained in the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States in violation of the law; (2) the defendant transported the alien within the United States with the intent to further the alien's illegal presence in this country; and (3) the defendant knew or recklessly disregarded the fact that the alien was in the country in violation of the law. *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002); § 1324(a)(1)(A)(ii).

Viewing the evidence in the light most favorable to the verdict, and giving the jury's credibility findings the deference due to them, a rational trier of fact could have determined that the Government established the elements of the offense beyond a reasonable doubt. *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005). The testimony of the smuggled alien reflected that the guide brought him to a particular gas station because a third party was going to meet them there to transport the alien in accord with the smuggling agreement. The fact that, upon its arrival, the guide walked directly to Campos's truck, which was unlocked and running, and knew that the alien could be hidden in the bunk bed, raised a reasonable inference that the guide knew that the alien was to be transported in that particular vehicle. Further, the evidence that Campos left the vehicle unlocked and returned outside shortly after the alien was secured in the vehicle also raised an inference of guilt. The jury heard the testimony of Campos regarding his alleged lack of knowledge of the alien's presence and apparently did not find it to be credible. The evidence was sufficient for the jury to find that Campos knowingly transferred the illegal alien to further the alien's unlawful presence in the United States. *Nolasco-Rosas*, 286 F.3d at 765.

Campos also argues that the district court erred in increasing his offense level pursuant to U.S.S.G. 2L1.1(b)(6) for reckless endangerment because the preponderance of the evidence did not show that he knowingly and intentionally created a risk of substantial harm or death to the alien found in his truck.

Although there is no single, bright-line test for determining the applicability of the reckless endangerment adjustment, this court has provided

a non-exhaustive list of five factors to consider when applying this adjustment: "the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs." *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006). In the case of an unrestrained aliens transported within the passenger compartment of a vehicle, a single aggravating factor may be sufficient to warrant application of the reckless endangerment adjustment. *United States v. Rodriguez-Mesa*, 443 F.3d 397, 403 (5th Cir. 2006). One such factor is the alien's inability to extract himself from the vehicle if it becomes necessary. *Id.; see also United States v. Garza*, ___ F.3d ___, 2009 WL 3491608 (5th Cir. Oct. 30, 2009)(difficulty of escape in case of an accident supports reckless endangerment enhancement).

The district court found that the alien was captured in the bunk bed and that he may not have been able to escape if the truck was involved in an accident. This finding was supported by the alien's testimony that he could not have released himself from the inside of the bed and from the configuration of the closed bunk. The district court also noted that the vehicle was traveling on the interstate highway, where all of the vehicles were traveling at high rates of speed, and that the alien was in an extremely dangerous situation. In light of the alien's inability to extricate himself from the bunk bed in the event of an accident, the district court did not clearly err in determining that the alien was at substantial risk of serious harm and possibly death. The district court did not err by applying the endangerment enhancement in determining Campos's offense level.

AFFIRMED.